# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
200 Park Avenue – 17th Floor
New York, New York 10166
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

January 12, 2022

**REQUEST FOR APPROVAL
OF AN FLSA SETTLEMENT**

**BY ECF**

Hon. Debra C. Freeman, U.S.M.J.
United States District Court
Southern District Court
500 Pearl Street
New York, New York 10007

        *Re:*    *Pena, et al. v. Carib Inc., et al.*
                 *Case No. 20-CV-7810 (DCF)*

Dear Judge Freeman,

    We are counsel to the plaintiffs in the above-referenced action, and jointly submit this letter together with defense counsel for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties. The Agreement is being submitted contemporaneously herewith, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of this dispute, which was negotiated at arm's length between experienced counsel.

    **I.**    ***The Need for the Court's Approval of the Agreement***

    As plaintiffs' action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946);

Hon. Debra C. Freeman, U.S.M.J.
January 12, 2022
Page 2

*Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *Sampaio v. Boulder Rock Creek Developers, Inc.,* No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

## II. *Plaintiffs' Claims for Unpaid Wages*

Defendant, Carib Inc., owns and operates a Cuban restaurant, doing business as "Havana NY Restaurant & Bar," located at 58 West 38th Street, New York, New York 10018 (the "Current Restaurant"). Defendant, HNY Inc., formerly owned and operated a Cuban restaurant, doing business as "Havana NY Restaurant & Bar," located at 27 West 38th Street, New York, New York 10018 (the "Closed Restaurant").[1] The defendants ceased operating the Closed Restaurant sometime in or about February 2015, and began operating the Current Restaurant in or about September 2016. Defendant, Abbai Taghavitalab, is the Chief Executive Officer and shareholder of the corporate defendants and is the owner and operator of the Restaurants.

Plaintiffs consist of thirteen (13) former employees hired by the defendants to work at the Restaurants in various non-exempt capacities.[2] Five (5) of the plaintiffs worked in non-tipped capacities as "back of the house" cooks and/or food preparers/kitchen helpers. The remaining eight (8) plaintiffs were tipped employees working as "front of the house" food runners, bartenders, busboys, waiters, and bar backs.[3]

Each plaintiff's work schedule varied, but as a group they allege that they typically worked anywhere from forty-five (45) to seventy-five (75) hours per week. For four (4) of the five (5) plaintiffs that worked entirely in non-tipped occupations, defendants paid them on an hourly basis that equaled or exceeded the statutory minimum wage.[4] However, for the eight (8) tipped plaintiffs, they allege that the defendants paid them on an hourly rate basis that was below statutory minimum wage in effect for some or all of their respective periods of employment.

## III. *Defendants' Position/Alleged Financial Hardship*

Defendants produced in discovery detailed wage and time records for all Plaintiffs that demonstrated all Plaintiffs were properly compensated, under both the FLSA and the NYLL, for regular and overtime hours worked. The records produced

---

[1] The Current Restaurant and the Closed Restaurant are collectively referred to in the plural as the "Restaurants."

[2] None of the plaintiffs received a written wage notice upon hire or at any time thereafter.

[3] Five (5) of the thirteen (13) plaintiffs worked for the defendants for the full six (6) year limitations period afforded under New York law (sans the period that the business did not operate between the closing of the Closed Restaurant and the opening of the Current Restaurant).

[4] Of that group, only plaintiff Victorino Mendez alleges being paid an hourly rate that was below the statutory minimum.

further demonstrated that none of the Plaintiffs ever worked in excess of ten hours per day, and thus were not entitled to spread of hours compensation.

Defendants' business and financial condition was adversely affected by the COVID pandemic. The restaurant was closed from March of 2020 through July of 2020, and reopened in August of 2020. Defendants produced in discovery documents demonstrating the poor financial condition, including being behind in payment of utilities, rent and taxes.

The settlement amount represents the maximum amount Defendants are able to pay for settlement. Since reopening in August of 2020, revenue from the business that would otherwise be profit has been used to pay back rent, overdue utility bills and pay toward overdue taxes.

### IV.    Proposed Settlement

As reflected in the enclosed Agreement, the parties and their counsel have determined that the interests of all concerned are best served by settling and exchanging a release of all wage and hour claims stemming from plaintiffs' employment and dismissing this action with prejudice in exchange for $120,000.00. Based upon the reasons outlined in this letter, the parties respectfully request the Court enter an order approving the settlement as fair and reasonable and dismiss the case with prejudice.

### V.    The Proposed Settlement is Fair and Reasonable

The parties have analyzed the settlement as "fair and reasonable." The frequently-cited *Wolinsky* analysis requires the parties to analyze "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.,* 900 F. Supp. 2d 332, 335-6 (S.D.N.Y. 2012). For the reasons described below, the proposed settlement satisfies these factors.

*Plaintiffs' Damages:*

Plaintiffs' counsel calculated plaintiffs' damages during the relevant time period. If fully successful, based on plaintiffs' damage calculations, they would have jointly been entitled to approximately $370,000, plus liquidated damages, interest and attorneys' fees. However, the defendants vehemently denied that plaintiffs were paid in violation of the law. While plaintiffs believed that the wage and hour records corroborated their claims and would have ultimately been successful at trial, the

Hon. Debra C. Freeman, U.S.M.J.
January 12, 2022
Page 4

ultimate outcome was still unpredictable and the burden of proof for all parties was expected to be difficult. Even if successful at trial, there was no guarantee that the trier of fact would have awarded plaintiffs the full amount of damages estimated by plaintiffs' counsel. It was more likely that plaintiffs would have been awarded a lesser amount.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc*., 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). In this case, collectability of a large judgment would have been a factor.

*Attorneys' fees:*

Plaintiffs' counsel has spent significant time on this matter analyzing the payroll practices/records, conducting formal discovery, and engaging in settlement negotiations/mediation. A copy of plaintiffs' counsel's billing records attached hereto demonstrate that counsel's lodestar exceeds the amount of fees being requested.

Accordingly, the total settlement amount of $120,000.00 will include: one-third to counsel (with waiver of all costs), and the remainder of the settlement sum payable to plaintiffs on a pro rata basis as set forth in the Agreement. This breakdown is based on plaintiffs' lengths of employment, hours worked, and pay received. Plaintiffs are in agreement with this breakdown, which is consistent with their retainer agreement with counsel, and accept it as fair and reasonable in light of the above.

Attorneys' fees in FLSA settlements are properly examined to ensure that the interests of plaintiff's counsel did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012).

The attorney time involved meeting with the plaintiffs on multiple occasions prior to and after filing the complaint; drafting the lawsuit; reviewing and analyzing extensive and voluminous wage and hour records; calculating plaintiffs' estimated damages; participating in good faith in the settlement negotiations; and drafting/executing the written agreement and seeking this court's approval.

Of the total settlement, counsel for plaintiff seeks one third (33%), in satisfaction of attorneys' fees. The retainer agreement with the plaintiffs provides for one-third (1/3) and this is consistent with the attorneys' fees permitted in other similar cases.

Hon. Debra C. Freeman, U.S.M.J.
January 12, 2022
Page 5

If the Court were to analyze counsel's fees on a lodestar basis, the Court should still approve the Agreement. Counsel's lodestar is more than the fees requested herein. Cilenti & Cooper, PLLC's requested rates ($400 per hour for lawyers and $100 for paralegal) have repeatedly been approved as reasonable. *See Rescalvo v. BTB Events & Celebrations Inc.*, 16 Civ. 7647 (PAE) (S.D.N.Y. Jan. 24, 2018); *Gonzalez, et al. v. Crosstown Diner Corp., et al.;* No. 16 Civ. 2544 (BCM) (S.D.N.Y. 2017); *Sierra v. Skyline Gourmet Deli*, No. 15 Civ. 3319 (SN) (S.D.N.Y. 2016); *Romero v. Lu Woodside Mini Mall, Inc.*, No. 15 Civ. 5030 (PK) (E.D.N.Y. 2016); *Catalan, et al. v. H&H Kim Corp., et al.*, No. 15 Civ. 7443 (DF) (S.D.N.Y. 2016). Attached hereto is a copy of Cilenti & Cooper, PLLC's billing records for work performed on this matter.

### VI.     *Efficiency and Litigation Risks*

Both factual and legal disputes presented risk to the defendants' defenses and plaintiffs' likelihood of recovering the full amount of damages outlined above.

Though the parties differ in their respective positions as to the claims alleged in the Complaint, all parties recognize the risk associated with this litigation. Significant arms-length negotiation occurred that has resulted in an agreement in principle to settle the matter for $120,000.00. The adversarial nature of this litigation weighs in favor of finding the proposed settlement to be fair and reasonable and not the result of overreaching on the part of the employer. Indeed, the case ultimately settled following formal discovery and mediation. Both sides were represented by experienced attorneys well prepared to discuss the risks and possible outcomes (appreciating their own strengths and weaknesses), had we not resolved.

The written settlement agreement (the "Settlement Agreement"), is annexed as Exhibit "A".

### VII.    *Conclusion*

For all of these reasons, on behalf of all parties, we respectfully request that the Court approve the settlement, and dismiss the case. The parties and counsel are available to the court at its convenience in the event the Court has any questions about the settlement reached in this case.

On behalf of all parties, we thank the court for its consideration of this matter.

Respectfully submitted,

/s/
Justin Cilenti

Hon. Debra C. Freeman, U.S.M.J.
January 12, 2022
Page 6


cc:     Michael K. Chong, Esq. (by ECF)

Case 1:20-cv-07810-DCF   Document 37   Filed 01/12/22   Page 6 of 6

Hon. Debra C. Freeman, U.S.M.J.
January 12, 2022
Page 6