UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE PENA, LUIS HERNANDEZ,
VICTORINO MENDEZ DE LA CRUZ,
VANESA LARGO, MIGUEL HERNANDEZ,
LUIS ALMONTE, RUFINO PERALTA,
PABLO GONZALEZ, RICARDO GARCIA,
ALEJANDRO VALERIO, ESDRAS MORALES,
ANIBAL SIGARAN, and KARLA CALDERON,
on behalf of themselves and others similarly situated,

         Plaintiffs,

 -against-

CARIB INC. d/b/a HAVANA NY RESTAURANT &
BAR, HNY INC. d/b/a HAVANA NY RESTAURANT &
BAR, and ABBAI TAGHAVITALAB,

         Defendants.
------------------------------------------------------------------X

Case No. 20-CV-7810
(DF)

## SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

**WHEREAS,** Jose Pena, Luis Hernandez, Victorino Mendez De La Cruz, Vanesa Largo, Miguel Hernandez, Luis Almonte, Rufino Peralta, Pablo Gonzalez, Ricardo Garcia, Alejandro Valerio, Esdras Morales, Anibal Sigaran, and Karla Calderon (hereinafter, "Plaintiffs") commenced an action against Carib Inc. d/b/a Havana NY Restaurant & Bar, HNY Inc. d/b/a Havana NY Restaurant & Bar , and Abbai Taghavitalab on September 22, 2020 (each singularly hereinafter referred to as the "Defendant," and collectively hereinafter referred to as the "Defendants") in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Case Number 20-CV-7810 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** the Defendants deny Plaintiffs' allegations, and have contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS,** Plaintiffs and the Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiffs have, had, or may have against the Defendants by way of this Settlement Agreement and Release ("Agreement");

**WHEREAS,** Plaintiffs' counsel of record in the Action and the Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties

1

which constitutes a reasonable compromise of Plaintiffs' respective claims, the Defendants' respective defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Consideration**

   (a) In full and final satisfaction of all issues between the Parties, the Defendants shall pay to the Plaintiffs the sum of ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000) (the "Settlement Sum"). The Settlement Sum shall be allocated as follows:

   a. $7,008 to Plaintiff Jose Pena

   b. $7,812 to Plaintiff Luis Hernandez

   c. $12,000 to Plaintiff Victorino Mendez

   d. $1,424 to Plaintiff Vanesa Largo

   e. $10,040 to Plaintiff Miguel Hernandez

   f. $5,320 to Plaintiff Luis Almonte

   g. $6,092 to Plaintiff Rufino Peralta

   h. $4,032 to Plaintiff Pablo Gonzalez

   i. $6,312 to Plaintiff Ricardo Garcia

   j. $4,976 to Plaintiff Alejandro Valerio

   k. $5,688 to Plaintiff Esdras Morales

   l. $7,024 to Plaintiff Anibal Sigaran

   m. $2,272 to Plaintiff Karla Calderon

   n. $40,000 to Cilenti & Cooper, PLLC for attorneys' fees and costs.

   (b) The Settlement Sum shall be paid in one (1) lump sum within thirty (30) days after the Court approves this Agreement and dismisses the Action with prejudice. The settlement check shall be payable to "Cilenti & Cooper, PLLC, as attorneys."

   (c) The settlement check shall be delivered to Cilenti & Cooper, PLLC at 200 Park Avenue – 17th Floor, New York, NY 10166 so as to be received no later than the date indicated above.

    (d)    Cilenti & Cooper, PLLC shall be responsible for distributing the Settlement Sum to Plaintiffs.

    (e)    The Settlement Sum shall be paid to Plaintiffs in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiffs' claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

    (f)    Plaintiffs expressly acknowledge and agree that they are responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by them with respect to the above payments in Paragraph 1. If any taxing body determines that the tax treatment was incorrect and that greater amount should have been withheld from any payment above in Paragraph 1, Plaintiffs acknowledge and assume all responsibility for paying those amounts and further agree to indemnify and hold the Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

## 2.    **Default**

In the event that the Defendants fail to make the settlement payment in a timely manner pursuant to Paragraph 1 of this Agreement, Plaintiffs shall provide notice of the default by email to counsel for the Defendants: Michael K. Chong, Esq., MKC Law Group, LLP, 2 Executive Drive, Suite 240, Fort Lee, New Jersey 07024, mkchong@mkclawgroup.com. Defendants will then have fourteen (14) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid at the time of default shall become due and owing as of the 15th day following receipt of said notice, together with liquidated damages in the amount of $130,000, with interest to commence as of that date at a rate of 9% per annum on the amount remaining to be paid under this Agreement. Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including the right to move on notice to the Defendants to have judgment entered against the Defendants, jointly and severally, as a result of the default, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

## 3.    **Wage & Hour Release by Plaintiffs**

    In consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge the Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments,

3

executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with the Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for the Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

## 4.   Judicial Review/Dismissal of the Complaint

(a)   Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter. The Parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

(b)   In the event that, for any reason, any FLSA or NYLL claim brought by or on behalf of Plaintiffs contained in a complaint, grievance, suit, action, charge, claim or proceeding existing as of the date of this Agreement is not wholly and finally dismissed with prejudice, (i) Plaintiffs authorizes the Defendants to obtain dismissal thereof; (ii) Plaintiffs shall not testify, provide documents, or otherwise participate in any litigation or investigation arising therefrom, except as compelled by subpoena or law or provided herein; (iii) Plaintiffs shall indemnify and shall hold the Defendants harmless against and will not obtain or accept on their behalf any recovery or relief in or from any such proceeding; and, (iv) Plaintiffs shall reimburse the Defendants for the legal fees and costs incurred defending any claim, action or proceeding initiated by Plaintiffs against the Defendants.

(c)   Plaintiffs also agree not to opt-in to any collective action litigation as a putative class member seeking relief for the same or similar claims being released herein, and also agree to opt-out of any class action litigation seeking relief for the same or similar claims being released herein.

## 5.   Non-Admission

(a)   This Agreement does not constitute an admission that the Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiffs expressly acknowledge that the Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

(b) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiffs have suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

## 6. Attorneys' Fees

Except as set forth herein, the Parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

## 7. Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement to which they are not otherwise entitled. Plaintiffs acknowledge that they were represented by counsel of their choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement and/or had this Agreement explained to them fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily.

## 8. Oral Modifications Prohibited

This Agreement represents the entire agreement between the Parties with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

## 9. Choice of Law

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

## 10. Effective Date

This Agreement shall become effective immediately upon the Parties' execution.

**11.   Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**12.   Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**13.   Severability.**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: 12/16, 2021        Jose Pena   */s/ jose pena*

DATED: _____, 2021        Luis Hernandez

DATED: _____, 2021        Victorino Mendez

DATED: _____, 2021        Vanesa Largo

DATED: _____, 2021        Miguel Hernandez

DATED: _____, 2021        Luis Almonte

6

### 11. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

### 12. Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

### 13. Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: _____, 2021      Jose Pena

DATED: **12-16**, 2021      Luis Hernandez  _Lui H_

DATED: _____, 2021      Victorino Mendez

DATED: _____, 2021      Vanesa Largo

DATED: _____, 2021      Miguel Hernandez

DATED: _____, 2021      Luis Almonte

## 11. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

## 12. Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

## 13. Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: _____, 2021    Jose Pena

DATED: _____, 2021    Luis Hernandez

DATED: __12/16__, 2021    Victorino Mendez

DATED: _____, 2021    Vanesa Largo

DATED: _____, 2021    Miguel Hernandez

DATED: _____, 2021    Luis Almonte

6

### 11. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

### 12. Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

### 13. Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: _____, 2021        Jose Pena

DATED: _____, 2021        Luis Hernandez

DATED: _____, 2021        Victorino Mendez

DATED: __12/16__, 2021           Vanesa Largo
                                 *VaNESSa Largo*

DATED: _____, 2021        Miguel Hernandez

DATED: _____, 2021        Luis Almonte

6

### 11. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

### 12. Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

### 13. Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: _____, 2021    Jose Pena

DATED: _____, 2021    Luis Hernandez

DATED: _____, 2021    Victorino Mendez

DATED: _____, 2021    Vanesa Largo

DATED: 17-12, 2021    Miguel Hernandez

DATED: _____, 2021    Luis Almonte

6

### 11. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

### 12. Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

### 13. Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: _____, 2021        Jose Pena

DATED: _____, 2021        Luis Hernandez

DATED: _____, 2021        Victorino Mendez

DATED: _____, 2021        Vanesa Largo

DATED: _____, 2021        Miguel Hernandez

DATED: __12/16__, 2021             Luis Almonte
                                   *[signature]*

| | |
|---|---|
| DATED: 12/16/2021, 2021 | Rufino Peralta *(signature)* |
| DATED: _____, 2021 | Pablo Gonzalez |
| DATED: _____, 2021 | Ricardo Garcia |
| DATED _____, 2021 | Alejandro Valerio |
| DATED: _____, 2021 | Esdras Morales |
| DATED: _____, 2021 | Anibal Sigaran |
| DATED: _____, 2021 | Karla Calderon |
| DATED: _____, 2021 | Abbas Taghavitalab |
| DATED: _____, 2021 | Carib Inc. |
| DATED: _____, 2021 | HNY Inc. |

7

Scanned with CamScanner

DATED: _____, 2021          Rufino Peralta

                                   _____

DATED:  12/16 _____, 2021         Pablo Gonzalez  *[signature]*

                                   _____

DATED: _____, 2021          Ricardo Garcia

                                   _____

DATED _____, 2021           Alejandro Valerio

                                   _____

DATED: _____, 2021          Esdras Morales

                                   _____

DATED: _____, 2021          Anibal Sigaran

                                   _____

DATED: _____, 2021          Karla Calderon

                                   _____

DATED: _____, 2021          Abbas Taghavitalab

                                   _____

DATED: _____, 2021          Carib Inc.

                                   _____

DATED: _____, 2021          HNY Inc.

                                   _____

| | |
|---|---|
| DATED: _____, 2021 | Rufino Peralta <br> _____ |
| DATED: _____, 2021 | Pablo Gonzalez <br> _____ |
| DATED: \_\_\_12/16\_\_\_, 2021 | Ricardo Garcia  *[signed]* <br> _____ |
| DATED _____, 2021 | Alejandro Valerio <br> _____ |
| DATED: _____, 2021 | Esdras Morales <br> _____ |
| DATED: _____, 2021 | Anibal Sigaran <br> _____ |
| DATED: _____, 2021 | Karla Calderon <br> _____ |
| DATED: _____, 2021 | Abbas Taghavitalab <br> _____ |
| DATED: _____, 2021 | Carib Inc. <br> _____ |
| DATED: _____, 2021 | HNY Inc. <br> _____ |

| | |
|---|---|
| DATED: _____, 2021 | _____<br>Rufino Peralta |
| DATED: _____, 2021 | _____<br>Pablo Gonzalez |
| DATED: _____, 2021 | _____<br>Ricardo Garcia |
| DATED: _____, 2021 | _*signature*_____<br>Alejandro Valerio |
| DATED: _____, 2021 | _____<br>Esdras Morales |
| DATED: _____, 2021 | _____<br>Anibal Sigaran |
| DATED: _____, 2021 | _____<br>Karla Calderon |
| DATED: _____, 2021 | _____<br>Abbas Taghavitalab |
| DATED: _____, 2021 | _____<br>Carib Inc. |
| DATED: _____, 2021 | _____<br>HNY Inc. |

7

DATED: _____, 2021        Rufino Peralta

                                  _____
DATED: _____, 2021        Pablo Gonzalez

                                  _____
DATED: _____, 2021        Ricardo Garcia

                                  _____
DATED _____, 2021         Alejandro Valerio

                                  _____
DATED: 12-16, 2021                Esdras Morales

                                  _____(signature)_____
DATED: _____, 2021        Anibal Sigaran

                                  _____
DATED: _____, 2021        Karla Calderon

                                  _____
DATED: _____, 2021        Abbas Taghavitalab

                                  _____
DATED: _____, 2021        Carib Inc.

                                  _____
DATED: _____, 2021        HNY Inc.

                                  _____

7

DATED: _____, 2021    Rufino Peralta

_____

DATED: _____, 2021    Pablo Gonzalez

_____

DATED: _____, 2021    Ricardo Garcia

_____

DATED _____, 2021     Alejandro Valerio

_____

DATED: _____, 2021    Esdras Morales

_____

DATED: 12/16, 2021              Anibal Sigaran /s/

_____

DATED: _____, 2021    Karla Calderon

_____

DATED: _____, 2021    Abbas Taghavitalab

_____

DATED: _____, 2021    Carib Inc.

_____

DATED: _____, 2021    HNY Inc.

_____

DATED: _____, 2021        Rufino Peralta

_____

DATED: _____, 2021        Pablo Gonzalez

_____

DATED: _____, 2021        Ricardo Garcia

_____

DATED _____, 2021         Alejandro Valerio

_____

DATED: _____, 2021        Esdras Morales

_____

DATED: _____, 2021        Anibal Sigaran

_____

DATED: 12/16_____, 2021       Karla Calderon

_____/s/_____

DATED: _____, 2021        Abbas Taghavitalab

_____

DATED: _____, 2021        Carib Inc.

_____

DATED: _____, 2021        HNY Inc.

_____

7

DATED: _____, 2021    Luis Almonte

_____

DATED: _____, 2021    Rufino Peralta

_____

DATED: _____, 2021    Pablo Gonzalez

_____

DATED: _____, 2021    Ricardo Garcia

_____

DATED: _____, 2021    Alejandro Valerio

_____

DATED: _____, 2021    Esdras Morales

_____

DATED: _____, 2021    Anibal Sigaran

_____

DATED _____, 2021     Karla Calderon

_____

DATED: 12/8/2021_____, 2021   Abbas Taghavitalab
                              *Abbas Taghavitalab*

DATED: 12/8/2021_____, 2021   Carib Inc.
                              *Abbas Taghavitalab*

DATED: 12/8/2021_____, 2021   HNY Inc.
                              *Abbas Taghavitalab*

7